IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT SEALS, <br> WILLIAM WIKS, <br> KENNADO K. TAYLOR, <br> DARNELL TUCKER, <br> JAYERYON COWFORD,[1] <br> RAY DAVIS, <br> TERVEL TODROV, and <br> LOYS A. MASER, <br>       Plaintiff, <br><br> vs. <br><br> DR. KARIMI, *et al.*, <br>       Defendants. | Case No. 19-cv-00003-NJR |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

      This matter is before the Court *sua sponte* for case management. Plaintiffs Seals, Wiks, Tucker, Cowford, Davis, Todrov, and Maser, who are currently held at Chester Mental Health Center ("Chester"), and Plaintiff Taylor, who is currently held at Sangamon County Jail, bring this civil rights action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213, and the Rehabilitation Act regarding the treatment they received at Chester. (Doc. 1). Plaintiffs seek monetary damages and to proceed as a class action. Under the circumstances, the Court deems it necessary to address several preliminary matters before completing a review of this case pursuant to 28 U.S.C. § 1915A.

---

[1] The Clerk of Court is directed to change Plaintiff Jayeryon Cowfari's name in the docket to Jayeryon Cowford. (*See* Doc. 5).

1

## SIGNATURES

As an initial matter, it is unclear whether Plaintiffs intend to bring their claims jointly. Federal Rule of Civil Procedure 11(a) requires every pleading, written motion, and other paper to be signed by "a party personally if the party is unrepresented." A non-attorney cannot file papers for another litigant. There are eight Plaintiffs in this case, but only seven have signed the Complaint—Seals, Wiks, Cowford, Davis, Todrov, Tucker, and Maser; only two Plaintiffs have filed Motions for Leave to Proceed *in forma pauperis* (IFP Motion)— Seals and Taylor (Docs. 2, 3); and a Motion for Recruitment of Counsel has been filed by Cowford containing two signatures (Doc. 5), but it is unclear which other Plaintiff has signed the motion seeking counsel. Because Plaintiff Taylor has not complied with Federal Rule of Civil Procedure 11, the Court will order Plaintiff Taylor to submit a properly signed Complaint. Furthermore, Plaintiffs Wiks, Cowford, Davis, Tucker, Todrov, and Maser will be ordered to submit either IFP Motions or filing fees, or risk dismissal from the action.

The Court also notes that the Complaint states that this is a class action, but no motion for class certification has been filed. (Doc. 1, pp. 1, 7). "[U]ntil certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs." *Morlan v. Universal Guar. Life Ins*. Co., 298 F.3d 609, 616 (7th Cir.2002). Even if a motion had been filed, however, the motion would be subject to denial because a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Lee v. Gardinez*, No. 11-cv-570-GPM, 2012 WL 143612, at *1 n.1 (S.D. Ill., Jan. 18, 2012) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action[.]" (quoting *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000)) (internal citations and quotation marks omitted)).

## GROUP LITIGATION BY MULTIPLE PRISONERS

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. But the Court must advise them of the consequences of proceeding in this manner, including their filing fee obligations, and give them an opportunity to withdraw from the case or sever their claims into individual actions.

The Seventh Circuit addressed the difficulties in administering group prisoner Complaints in *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). District courts are required to accept joint Complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." That said, a district court may turn to other rules of civil procedure to manage a multi-plaintiff case. For example, if appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

Additionally, in reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

There are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are two plaintiffs, the plaintiffs' postage and copying costs for filing motions, briefs, or other papers will be twice as much as that of a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. On the other hand, a prisoner litigating jointly assumes those risks for all of the claims in the group Complaint, whether or not they concern him personally. Also, if the Court finds that the Complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one

or more new cases, each of which involves an additional filing fee obligation and the risk of a "strike" within the meaning of 28 U.S.C. § 1915(g). Plaintiffs may wish to consider *Boriboune* and these factors in determining whether to assume the risks of group litigation.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Seventh Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to drop out." *Id.* at 856. In keeping with this suggestion, the Court offers Plaintiffs Wiks, Taylor, Cowford, Davis, Todrov, Tucker, and Maser an opportunity to withdraw from this litigation before the case progresses further.[2] Each Plaintiff may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the Complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he may be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group Complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[3]

---

[2] Plaintiff Taylor, who the Court designates the "lead" Plaintiff in this case, is not afforded such an opportunity, as the return address on the envelope for the Complaint is Sangamon County Jail, where he is currently in custody, and the handwriting on the Complaint matches his signed IFP Motion. Thus, it appears he has filed the case.

[3] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

In addition, if Plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of multiple plaintiffs must be signed by each plaintiff. As previously mentioned, a non-attorney cannot file or sign papers for another litigant, and as long as the plaintiffs appear without counsel in this action, each plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

### PENDING MOTIONS

Plaintiff Taylor has filed an IFP Motion. (Doc. 2). He discloses, however, that he has had more than three "strikes" for purposes of Section 1915(g).[4] (Doc. 1, p. 3). Thus, he cannot proceed IFP unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).[5] As noted above, Plaintiffs are requesting monetary damages for unconstitutional treatment at Chester by Chester employees. Not only does the Complaint not allege that Plaintiff Taylor is in imminent danger, but he is also no longer housed at Chester, and he sets forth no allegations of imminent danger regarding where he is currently in custody. Accordingly, his claims do not clear the three-strikes hurtle, and Plaintiff Taylor's IFP Motion shall be denied. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).

---

[4] A review of documents filed in the electronic docket of this Court and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that he has accumulated five "strikes." *See Taylor v. Doe, et al.,* No. 17-cv-2347 (N.D. Ill. dismissed June 2, 2017); *Taylor v. Doe, et al.,* No. 17-cv-2348 (N.D. Ill. dismissed June 2, 2017); *Taylor v. Doe, et al.,* No. 17-cv-2349 (N.D. Ill. dismissed June 5, 2017); *Taylor v. Doe, et al.,* No. 17-cv- 5537 (N.D. Ill. dismissed Sept. 22, 2017); *Taylor v. Doe, et al.,* No. 17-cv-6001 (N.D. Ill. dismissed Sept. 22, 2017).

[5] Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment IFP, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

Because he cannot proceed IFP in this action, Plaintiff Taylor's motion asking the Court to order the Sangamon County trust fund office to fax his trust fund history to the Court will be denied as moot. (Doc. 4).

## DISPOSITION

Accordingly, Plaintiffs **SEALS, WIKS, COWFORD, DAVIS, TODROV, TUCKER,** and **MASER** each shall advise the Court in writing on or before **February 10, 2020**, whether he wishes to continue as a plaintiff in this group action. If, by that deadline, a Plaintiff advises the Court that he does **not** wish to participate in this action, he will be dismissed from the lawsuit and will not be charged a filing fee. **This is the *only* way to avoid the obligation to pay the filing fee.**

**IT IS FURTHER ORDERED** that if Plaintiff **SEALS, WIKS, COWFORD, DAVIS, TODROV, TUCKER,** or **MASER** wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing, and he must submit a signed Complaint by **February 10, 2020**. His claims shall then be severed into a new action where a filing fee *will* be assessed in lieu of a filing fee in *this* case.

**Should simply Plaintiff SEALS, WIKS, COWFORD, DAVIS, TODROV, TUCKER, or MASER not respond to this Order on or before February 10, 2020, that Plaintiff *will* be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).** In addition, Plaintiffs are again **WARNED** that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

Should Plaintiff **WIKS, COWFORD, DAVIS, TODROV, TUCKER,** or **MASER** choose to continue as a plaintiff either in this action or in a severed individual case, the Plaintiff must pay his filing fee of $400.00 or file a properly completed Motion to Proceed *In Forma Pauperis* on or before **February 10, 2020 (28 days). Any Plaintiff who has submitted a signed Complaint but fails to timely submit a properly completed IFP Motion or filing fee will be obligated to pay the complete**

**filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).** The Clerk is **DIRECTED** to send a copy of this Court's form IFP motion and trust fund account certification form to Plaintiffs **WIKS, COWFORD, DAVIS, TODROV, TUCKER,** and **MASER.**

The Motion for Leave to Proceed *in forma pauperis* (Doc. 2) filed by Plaintiff **TAYLOR** is **DENIED**. **IT IS ORDERED** that Plaintiff **TAYLOR** shall pay the full filing fee of $400.00 for this action and submit a signed Complaint on or before **February 10, 2020**. If Plaintiff **TAYLOR** fails to comply with this Order in the time allotted by the Court, **he will be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

The Motion for Order to Sangamon County Trust Fund Office for Six Month History (Doc. 4) filed by Plaintiff **TAYLOR** is **DENIED** as moot. The Motion for Leave to Proceed *in forma pauperis* (Doc. 3) filed by **SEALS** and the Motion for Recruitment of Counsel (Doc. 5) filed by **COWFORD** remain pending.

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants. Further action by Plaintiffs is required before the Court can complete its preliminary review of this matter under 28 U.S.C. § 1915A. When this review is completed, a copy of the Court's screening order will be forwarded to each Plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to send a copy of this order to each Plaintiff.

**IT IS SO ORDERED.**

**DATED: 1/13/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**