IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT SEALS,
WILLIAM WIKS,
KENNADO K. TAYLOR,
DARNELL TUCKER,
JAYERYON COWFORD,
RAY DAVIS,
TERVEL TODROV, and
LOYS A. MASER,

        Plaintiffs,

v.

DR. KARIMI, *et al.*,

        Defendants.

Case No. 19-cv-00003-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiffs Seals, Wiks, Tucker, Cowford, Davis, Todrov, and Maser, who are currently held at Chester Mental Health Center, and Plaintiff Taylor, who is currently held at Pontiac Correctional Center, bring this civil rights action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213, and the Rehabilitation Act regarding the treatment they received at Chester. (Doc. 1). Plaintiffs seek monetary damages.

    On January 13, 2020, the Court issued an order advising Plaintiffs of the consequences of bringing claims jointly in a single lawsuit, including their filing fee obligations, and giving each Plaintiff an opportunity to withdraw from the case or sever his claims into an individual action by February 10, 2020 (Doc. 8, p. 6). Plaintiff Taylor, as the lead plaintiff, was not afforded this opportunity.

    The Court also denied Plaintiff Taylor's Motion to Proceed *in forma pauperis* ("IFP").

Taylor has had more than three "strikes" for the purposes of 28 U.S.C. Section 1915(g), and the Court determined he was not in imminent danger of serious physical injury. (Doc. 8, p. 5-6). Taylor was ordered to pay the full filing fee of $400.00 for this action and submit a signed complaint by February 10, 2020. He was advised that failure to comply with the Court's Order would result in his dismissal from this action. *See* FED. R. CIV. P. 41(b).

## I.     *Plaintiff Taylor*

Plaintiff Taylor has not submitted a signed complaint or paid the $400.00 fee. Instead, he has filed a Motion to Certify Class (Doc. 11), Motion to File Claims Jointly (Doc. 12), Motion for Continuance (Doc. 15), Motion for Case Number and Defendants Real Names (Doc. 16), and Motion for Docket Number and Notice of Change of Address (Doc. 17).

The Motion to Certify Class (Doc. 11) and Motion to File Claims Jointly (Doc. 12) shall be stricken from the docket. Plaintiffs were previously advised that any motion filed on behalf of multiple plaintiffs must be signed by each plaintiff and that group motions that do not comply with this requirement would be stricken. (Doc. 8, p. 5); FED. R. CIV. P. 11(a). Plaintiff Taylor is the only party to sign both motions but submitted them on behalf of the group, and thus, they do not comply with Rule 11.

In the Motion for Continuance (Doc. 15), Plaintiff Taylor asks the Court for three additional months because he has been transferred to a new facility and does not currently have his property, including case documents. The motion will be granted, and Taylor shall until **June 18, 2020,** to pay the full filing fee of $400.00 for this action and submit a properly signed complaint. The Motions requesting the case number and defendants' names are granted in part and denied in part. (Docs. 16, 17). The Clerk of Court will be directed to send Plaintiff Taylor a copy of the docket sheet. Currently Plaintiff Taylor does not have any claims

pending against any defendants, as he has not submitted a properly signed complaint, and thus, there are no defendants to identify.

## II. Plaintiff Seals

Plaintiff Seals notified the Court of his desire to not proceed in this action by filing a Motion to Dismiss Claim on January 27, 2020. (Doc. 14). His motion is granted, and he will be dismissed from this action without prejudice and without the imposition of a filing fee, pursuant to this Court's Order at Doc. 8. His pending Motion to Proceed IFP (Doc. 3) will be terminated.

Plaintiff Seals has written the Court stating that the Court incorrectly took $15.00 from his account, after he had filed his notice informing the Court that he did not wish to pursue his claims in this case. (Doc. 18). The Court collected $15.00 from Plaintiff Seals towards his filing fee in his other civil case, *Seals v. Tori,* No. 19-cv-01350-NJR. In that case, the Court granted his motion to dismiss, but informed him that the $15.00 paid towards the filing fee would not be returned. (*See* No. 19-cv-1350-NJR, Doc. 12). Plaintiff Seals has not incurred a filing fee in *this case*.

## III. Plaintiffs Wiks, Tucker, Cowford, Davis, Todrov, and Maser

Each remaining Plaintiff has failed to advise the Court in writing whether he wishes to continue as a plaintiff in this group action. Plaintiff Tucker filed a Motion to Proceed IFP (Doc. 9) on January 21, 2020, but the Motion is not signed and will be stricken pursuant to Rule 11. Also, on January 21, 2020, a Motion to Proceed IFP was filed and appears to be submitted by all eight Plaintiffs, although the signatures are illegible. (Doc. 13). The application is improperly completed and does not provide the Court with sufficient financial information for the eight Plaintiffs. Each question on the application form regarding finances

is broadly answered as "0," "no," or "N/A." (Doc. 13). The question asking for the city and state of legal residence is blank, the question regarding age only has two numbers listed, "38 and 49," and for the question asking years of schooling there is only one answer stating "6-8." Additionally, the Motion for IFP was not accompanied by any of the Plaintiffs' trust fund account information or certification form. Other than filing an incomplete Motion for IFP in January, the Court has not received any communication from Plaintiffs Wiks, Tucker, Cowford, Davis, Todrov, and Maser. They have not filed written submissions of their intent to continue with this action or requested more time. Therefore, Plaintiffs Wiks, Tucker, Cowford, Davis, Todrov, and Maser are dismissed without prejudice for failure to comply with a court order and for want of prosecution (Doc. 8). FED. R. CIV. P. 41(b). All pending motions filed by these Plaintiffs shall be denied as moot. (*See* Doc. 5, 13).

## DISPOSITION

For the reasons set forth above, the Clerk of Court is **DIRECTED** to **STRIKE** the Motion to Certify Class of Plaintiffs (Doc. 11), the Motion to File Claims Jointly (Doc. 12), and the Motion for Leave to Proceed IFP filed by Plaintiff **TUCKER** (Doc. 9).

The Motion to Dismiss Claim filed by Plaintiff **SEALS** (Doc. 14) is **GRANTED.** Plaintiff **SEALS** is dismissed from this action without prejudice and without the imposition of a filing fee. His Motion for Leave to Proceed IFP shall be terminated. (Doc. 3).

Plaintiffs **WIKS, TUCKER, COWFORD, DAVIS, TODROV,** and **MASER** are **DISMISSED** from this action without prejudice for failure to comply with a court order and failure to prosecute their claims under Federal Rule of Civil Procedure 41(b). Plaintiffs **WIKS, TUCKER, COWFORD, DAVIS, TODROV,** and **MASER** are **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time that the Complaint was filed, thus

the filing fee of $400.00 remains due and payable (Doc. 8, p. 5). 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). All pending motions filed by these Plaintiffs are **DENIED** as moot. (Doc. 5, 13).

Plaintiff **TAYLOR** remains the only plaintiff in this action. The Motion for Continuance filed by Plaintiff **TAYLOR** (Doc. 15) is **GRANTED.** Plaintiff **TAYLOR** shall pay the full filing fee of $400.00 for this action and submit a signed complaint on or before **June 18, 2020**. If Plaintiff **TAYLOR** fails to comply with this Order in the time allotted by the Court, **this action shall be dismissed for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

The Motions requesting case information and defendants' names filed by Plaintiff **TAYLOR** (Docs. 16, 17) are **GRANTED IN PART** and **DENIED IN PART**. The Clerk of Court is **DIRECTED** to send Plaintiff **TAYLOR** a copy of the docket sheet.

**IT IS SO ORDERED.**

**DATED:   May 19, 2020**

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**